UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMI NECO SCHMIDT and <br> CHRISTINE MAGYARI, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BELLA VILLA and <br> EDWARD LOCKE, JR., Chief of Police, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:06CV265-SNL <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

Defendants' motion to sever the claim of each plaintiff pursuant to Rule 20(b) of the Federal Rules of Civil Procedure is before the Court. Plaintiff opposes the severance request.

On review of the pleadings including the current motion to sever and the opposition to that motion, it appears that defendant Locke is alleged to have committed sexual misconduct against each plaintiff in separate arrests and therefore violated their constitutional rights. Plaintiff joined, pursuant to Federal Rules of Civil Procedure 20(a). The pertinent portion of the Rule provides:

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs

according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

As is suggested by the parties, the Court finds that a case-by-case approach should be followed to determine whether a particular factual situation constitutes a single transaction or occurrence in order to determine the applicability of Rule 20(a). Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). As there are no particular cases establishing precedent similar to the facts in this case, the Court must use its best judgment in determining whether the provisions of the Rule have been met.

Apparently, plaintiff Schmidt was strip-searched after she admitted she had a tattoo in her pubic area. Defendant Locke indicated he needed to take a picture of the tattoo. In a separate occurrence, plaintiff Magyari admitted having a tattoo on her foot and defendant Locke stated he did not need a picture of that tattoo. Plaintiff suggests that this issue provides a "transactional link" as discussed in Mosley. The Court is not so sure.

Without prejudging what a jury might do, if the claims of plaintiff are tried together and a jury was convinced that defendant Locke, in some clandestine manner, strip-searched plaintiff Schmidt for the purpose of photographing the tattoo in her pubic area and determined that this was highly inappropriate sexual misconduct, that point of view might very easily cause the jury to have similar feelings in connection with plaintiff Magyari's case, even though the alleged transgression as to her might not have been as severe.

While all of this is hypothetical, the chance for prejudice could very easily arise if the claims are to be tried together.

In addition, the claim of each plaintiff involves a different theory of recovery as plaintiff Schmidt is claiming a violation of the Missouri Strip Search Statute and plaintiff Magyari is asserting a battery state law claim.

The claims certainly do not arise out of the same transaction or occurrence, and the Court believes that a common understanding of the phrase "series of transactions or occurrences" is not applicable to the two claims. The fact that defendant Locke is charged with a violation of the rights of each of the two plaintiffs does not give rise to a series of occurrences.

While the Court believes that juries listen to instructions and attempt to be bound by them, it might be very difficult if the cases were tried jointly to tell the jury to hear some evidence only as it involves one plaintiff and disregard it as to the claim of the other plaintiff.

It is always appropriate for the Court to consider saving judicial time and resources as well as those of the parties. However, in this case, the Court finds that the facts as alleged and currently made available to the Court do not arise out of the same transaction, occurrence or series of transactions or occurrences and that the claims should be severed.

**IT IS THEREFORE ORDERED** that the motion to sever of defendants is **GRANTED**. Plaintiffs shall have the prerogative of determining which of the two claims should be tried first.

Dated this __3rd__ day of April, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE